[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11955
Non-Argument Calendar

_____

D. C. Docket No. 05-00331-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 9, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

John Scott appeals his 120-month sentence, imposed after he pled guilty to

one count of bank fraud in violation of 18 U.S.C. § 1344. Scott raises four issues on appeal. First, Scott argues that the district court's sentence of 120 months was not an upward variance based on factors in 18 U.S.C. § 3553(a), but rather an upward departure pursuant to U.S.S.G. § 4A1.3. He thus asserts that the court committed procedural error by failing to consider the appropriateness of the next criminal history category when it upwardly departed, as required under U.S.S.G. § 4A1.3. Second, Scott argues that even if the district court imposed a variance rather than a departure, the 18 U.S.C. § 3553(a) factors alone cannot support the extraordinary variance, particularly because many of the bases for the sentence were already accounted for in the calculated guideline range, thereby making the 120-month sentence unreasonable. Third, Scott contends that the district court plainly erred by violating his Confrontation Clause rights when it considered the hearsay evidence in his codefendants' presentence investigation reports ("PSI"), without providing Scott the opportunity to rebut that information. Finally, Scott argues that a breakdown in the relationship between his attorney and him resulted in ineffective assistance of counsel during Scott's sentencing hearing.

## I. Section 3553(a) Variance/Section 4A1.3 Departure

We review a district court's factual findings for clear error and its application of the guidelines to those facts de novo. United States v. Kinard, 472 F.3d 1294,

1297 n.3 (11th Cir. 2006). In United States v. Irizarry, 458 F.3d 1208, 1211 (11th

Cir. 2006), pet. for cert. granted, 128 S.Ct. 828 (2008), in determining whether a

sentence was imposed as a result of a guidelines departure or a variance pursuant to

§ 3553(a), we considered the process undertaken by the district court in making its

determination. Specifically, we found that the sentence imposed was a variance

due to the following factors:

> The district court correctly calculated the advisory guidelines range.
> The court then considered the adequacy of this range in the light of
> the sentencing factors listed in 18 U.S.C. section 3553(a) and the
> evidence presented at the sentencing hearing. After concluding that
> the guidelines range did not adequately address the future risk
> Defendant posed to the public, the court exercised its post-Booker
> discretion to impose a reasonable sentence outside the sentencing
> guidelines range.

Id. at 1211-1212 (internal citations omitted) (holding that notice required for

upward departure was not required in this case because the sentence was an upward

variance, which requires no notice).

Section 4A1.3 of the guidelines allows a sentencing court to upwardly depart

when it believes that "the defendant's criminal history category substantially

under-represents the seriousness of the defendant's criminal history or the

likelihood that the defendant will commit other crimes. . . ." U.S.S.G. §

4A1.3(a)(1). When departing upward under § 4A1.3, "the court must look first to

the next criminal history category. If that category adequately reflects the

3

defendant's past conduct, then the court must state its findings and sentence the defendant within the range for the new category." United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993) (internal citations omitted). If the court finds that this new category is still inadequate to reflect the defendant's criminal history, "the court must look to the next highest category and repeat its inquiry." Id.

To determine a reasonable sentence or impose a variance from a defendant's guideline range, the district court must consider the 18 U.S.C. § 3553(a) factors, including the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the need to protect the public. See 18 U.S.C. § 3553(a).

Because the district court explicitly stated that it was conducting a variance pursuant to 18 U.S.C. § 3553(a) and enumerated several of the § 3553(a) factors in arriving at its sentence, the court committed no procedural error because it was not required to consider intervening criminal history categories as it would were it conducting an upward departure under 28 U.S.S.G. § 4A1.3.

## II. Reasonableness

We review a final sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). In conducting this review, we apply a deferential

4

abuse-of-discretion standard.  Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007).  We first review whether the district court committed a procedural error, such as incorrectly calculating the guidelines, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  Id. at ___, 128 S.Ct. at 597.  If there were no such procedural errors, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Id.; see also United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006) (identifying distinct inquiries into procedural and substantive aspects of a sentence).  This review involves inquiring whether the § 3553(a) factors supported the sentence and justified any deviation from the defendant's sentencing range.  Gall, 552 U.S. at  ___, 128 S.Ct. at 600. The factors presented in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786; see 18 U.S.C. § 3553(a).  "The weight to be accorded any

5

given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we will not "substitute our judgment in weighing the relevant factors because our review is not de novo." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006) (internal citations and quotations omitted), abrogated on other grounds by Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

> In its recent Gall decision, the Supreme Court stated,

> In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

Gall, 552 U.S. __, 128 S.Ct. at 594-95. When a sentencing judge determines that a non-guideline sentence is warranted, "he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at __, 128 S.Ct. at 597. However, "a major departure should be supported by a more significant justification than a minor one." Id. In reviewing the sentence for reasonableness, an appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the

6

appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. A defendant challenging his sentence bears the burden of establishing that it is unreasonable. Talley, 431 F.3d at 788.

The district court adequately considered the § 3553(a) factors, basing its decision, in part, on Scott's substantial criminal history, including previous fraud-related convictions for which Scott received no criminal history points, and which were therefore not accounted for in his advisory guideline range. The court also considered Scott's ongoing criminal conduct, a factor that was also not accounted for in Scott's advisory guideline range. The court's decision to sentence Scott to 120 months was therefore reasonable, because that decision was based upon the need to reflect the seriousness of Scott's offense, as well as to provide just punishment and to protect the public from Scott's further fraudulent crimes.

### III.  Opportunity to Rebut Hearsay Evidence

In United States v. Castellanos, 904 F.2d 1490 (11th Cir. 1990), we held that, "[a] court may consider any information (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the information is sufficiently reliable." Castellanos, 904 F.2d at 1495. "The district court may rely on such evidence 'as

7

long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence.'" United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001) (internal citations omitted).

When a defendant raises a sentencing argument for the first time on appeal, we review for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). If these three prongs are met, we may exercise our discretion to notice the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1329. "An error is plain it if is obvious and clear under current law." United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006). For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). The party seeking to establish plain error has the burden of persuasion as to prejudice. See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).

Scott has not met his burden of persuasion as to demonstrating that any plain error was prejudicial; that is, that it affected the outcome of the district court proceedings. There is no constitutional right to confrontation during sentencing, and the district court's consideration of the PSIs did not affect the outcome of Scott's sentence.

## IV. Ineffective Assistance

Ineffective assistance of counsel claims are generally not considered for the first time on appeal, except in cases where the record is sufficiently developed. United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005) (addressing defendant's ineffective assistance of counsel claim because record was sufficiently developed). An appellate court generally cannot adequately decide an ineffective assistance of counsel claim raised for the first time on direct appeal because the focus at trial was not whether defense counsel's actions were prejudicial or supported by reasonable strategy. Massaro v. United States, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). The preferable means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion, "even if the record contains some indication of deficiencies in counsel's performance." Id.

There could be a number of reasons why Johnson made the decisions he did in representing Scott, and the record here is insufficient to establish whether Johnson was truly ineffective or used sound strategy during the sentencing phase of his representation.  Moreover, Scott argues that the record as a whole should be considered.  However, Scott's claim is expressly limited to the sentencing phase, and it is unclear what effect the record as a whole would have on an analysis of counsel's performance at sentencing, without further development of the record.  Thus, we decline to consider these claims on direct appeal, without prejudice to Scott's ability to raise them later in a § 2255 motion.

Upon consideration of the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**[1]

---

[1]  Scott's request for oral argument is denied.