UNITED STATES of America, Plaintiff–Appellee,

v.

Jorge Alberto RODRIGUEZ, Defendant–Appellant.

No. 91–3089.

United States Court of Appeals, Eleventh Circuit.

Jan. 25, 1993.

Clifford L. Davis, Tallahassee, FL, for defendant-appellant.

Charles S. White, Asst. U.S. Atty., Tallahassee, FL, for plaintiff-appellee.

Before EDMONDSON, Circuit Judge, RONEY* and GIBSON,** Senior Circuit Judges.

** Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

PER CURIAM:

In this appeal from a drug-related conspiracy conviction, Jorge Rodriguez argues that the district court should not have increased Rodriguez' base-offense level under Sentencing Guidelines § 3B1.1(a) because no evidence indicated that Rodriguez was involved in an "otherwise extensive" criminal organization.[1] We disagree.

Section 3B1.1(a) states in pertinent part: "Based on the defendant's role in the offense, increase the offense level as follows: If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." Sentencing Guidelines § 3B1.1(a). According to the application notes, "a 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted," *id.* application note 1; also, "[i]n assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered," *id.* application note 2.

First, the record suggests that five participants were involved in the conspiracy: (1) Rodriguez, (2) Rodriguez' girlfriend, (3) Rodriguez' sister, (4) Rodriguez' brother, and (5) Rodriguez' cousin, not to mention the New York distributor upon whom Rodriguez eventually relied.[2]

Second, even if fewer than five people were involved, the criminal activity was "otherwise extensive." Rodriguez was organizing a drug transaction that extended from Columbia to Florida to Boston to New York, and which included the purchase and street distribution of 100 kilos of cocaine[3] worth $350,000 in the wholesale market. While we decline to define the precise scope of "otherwise extensive," we are convinced that the facts are sufficient to show an "otherwise extensive" criminal activity. The district court committed no error by its four-level increase of Rodriguez' base-offense level.

AFFIRMED.

---

1. Not one of appellant's other arguments establishes error or requires discussion.

2. The government argues that the confidential informant also should be included in the count. But when the offense was planned, the informant "worked" for the government; therefore, the informant would seem to be "[a] person who is not criminally responsible for the commission of the offense" under application note 1.

3. Rodriguez cites *United States v. Fuller,* 897 F.2d 1217 (1st Cir.1990), for the proposition that the amount of cocaine involved should not be used to increase the base-offense level because this amount was used to reach the base level. The First Circuit's statements about this so-called double counting, however, are dicta and may not represent that court's considered judgment: The court had already concluded that

"the evidence indicated that [defendant] did not rely on the assistance of others, but instead engaged in a number of private drug distributions, in which he essentially did all the work himself." *Id.* at 1221.

Even if this First Circuit double-counting rationale were not dicta, it would be inappropriate to ignore the amount of drugs involved in determining whether the criminal activity was otherwise extensive. While no drug amount may establish an extensive operation absent an organization, the drug amount added to an already existing organization can determine whether the operation is extensive. Even the application notes to section 3B1.1 recognize that "the nature and *scope* of the illegal activity" should be considered by the lower court. Sentencing Guidelines § 3B1.1, application note 3. The drug amount helps define the scope of the criminal activity.