[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

No. 07-15466
Non-Argument Calendar

_____

D. C. Docket No. 07-20282-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AIDA LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 18, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Aida Lopez appeals her 57-month sentence imposed for conspiring to defraud the government under 18 U.S.C. § 371 and conspiring to commit health care fraud under 18 U.S.C. § 1349. Lopez raises a single claim on appeal–that the district court erred in imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) for being a leader or organizer in a criminal activity that involved five or more people or was otherwise extensive. She attacks the enhancement in three ways, claiming the district court erred by: (1) treating the patients as participants under U.S.S.G. § 3B1.1(a); (2) admitting certain hearsay statements into evidence in her sentencing hearing; and (3) failing to raise the Government's burden of proof in the sentencing hearing. We affirm Lopez's sentence.

The enhancement for a defendant's role "as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). A four-level increase is applied if the defendant "was an organizer or leader" in an offense with more than five participants. U.S.S.G. § 3B1.1(a). In determining the defendant's role in the offense, the district court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of

2

participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4).

Additionally, the commentary notes clarify: "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." *Id.* However, each person who qualifies as a leader under this enhancement must supervise at least one participant. U.S.S.G. § 3B1.1, comment. (n.2). Only people who are criminally responsible may be classified as participants. *See United States v. Eidson*, 108 F.3d 1336, 1345 (11th Cir. 1997), *abrogated on other grounds by Rapanos v. United States*, 126 S. Ct. 2208 (2006). All individuals who were criminally responsible, even if not convicted, may be counted to determine the number of participants in criminal activity. *See id.* The defendant can be counted as one of the five participants. *See United States v. Rodriguez*, 981 F.2d 1199, 1200 (11th Cir. 1993). Further, enhancement under U.S.S.G. § 3B1.1(a) is appropriate without five participants when the criminal activity is "otherwise extensive." *Id.* (quoting U.S.S.G. § 3B1.1(a)).

Lopez's claim the district court erred in imposing a four-level role adjustment is without merit because there is sufficient evidence in the record to support a finding the criminal activity included five or more participants or was

3

otherwise extensive. Lopez's first assertion, that the district court erred in determining there were five or more participants, is without merit. In this case, participants included Henry Gonzalez, Karla Gonzalez, Domingo Santana, Hilda Prado, the doctor to which Prado was taken, and Lopez herself. As this exceeds five participants, the requirement of five or more participants is satisfied. Moreover, the 70 patients organized by Lopez are sufficiently numerous to classify the criminal activity as otherwise extensive. *See Rodriguez*, 981 F.2d at 1200 (holding, in the alternative, there were five or more participants and the criminal activity was otherwise extensive).

Lopez's second assertion, that the district court erred in admitting the hearsay testimony of Hilda Prado at the sentencing hearing, is also without merit. Hearsay may be admitted at sentencing if there are "sufficient indicia of reliability, the [district] court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (quotations omitted). In this case, the statements of Hilda Prado were consistent with the overall allegations describing the conspiracy to commit health care fraud. Lopez admitted she utilized patients to acquire fraudulent prescriptions from doctors, while Prado provided a detailed description of a particular patient being used to get a fraudulent prescription.

Therefore, Prado's statements have a sufficient indicia of reliability. Notably, Lopez's brief does not argue the district court made insufficient findings of fact or denied Lopez an opportunity to rebut the hearsay statements. Although the district court did not explicitly state it found the evidence credible, the district court did explicitly rely on Prado's hearsay statements. Finally, Lopez was offered an opportunity to rebut the hearsay statements made by Hilda Prado.

Lopez's third assertion, that the district court erred by refusing to raise the burden of proof, is also without merit. As a preliminary matter, Lopez did not request the district court raise the burden of proof during the sentencing hearing. When an issue was not raised before the district court, this Court reviews for plain error. *United States v. Heath*, 419 F.3d 1312, 1314 (11th Cir. 2005).

Here, there is no plain error because there is no error. Lopez asserts the substantive holding of *United States v. Booker*, 125 S. Ct. 738 (2005), requires a re-evaluation of the burden of proof to be applied in sentencing hearings. To guide that re-evaluation, Lopez asserts this Court should follow *Addington v. Texas*, 99 S. Ct. 1804 (1979), in determining the appropriate burden of proof. In *Addington*, the Supreme Court explained the burden of proof "serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Id.* at 1808. Lopez asserts following this analysis would

5

require a higher burden of proof than preponderance of the evidence. However, nothing in *Booker* requires a re-evaluation of the burden of proof. *See United States v. Chau*, 426 F.3d 1318, 1324 (11th Cir. 2005) (holding district courts are permitted to make findings of fact by a preponderance of the evidence in applying the advisory Guidelines).

We conclude the district court did not err in imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) for being a leader or organizer in a criminal activity that involved five or more people or was otherwise extensive. Thus, we affirm Lopez's sentence.

**AFFIRMED.**