[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10688
Non-Argument Calendar

_____

D.C. Docket No. 06-00507-CR-TCB-1-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JASON SLAUGHTER,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 31, 2008)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jason Slaughter appeals his 120-month sentence for bank fraud, in violation of 18 U.S.C. § 1344. On appeal, Slaughter argues that the district court erred by imposing a four-level increase for his role in the offense, pursuant to U.S.S.G. § 3B1.1(a). He argues that the increase was improper because his criminal activity did not involve "five or more participants" nor was not "otherwise extensive."

We review for clear error a district court's determination of a defendant's role in the offense. United States v. DeVaron, 175 F.3d 930, 937 (11th Cir.) (en banc). Section 3B1.1(a) provides for a four-level enhancement if a "defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).

An "otherwise extensive" operation does not require a set number of criminally responsible participants. United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994). "Although this [C]ircuit does not employ a precise definition for the 'otherwise extensive' standard, there are a number of factors relevant to the extensiveness determination, including the length and scope of the criminal activity, as well as the number of persons involved. Id. at 1046. "In assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered. Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be

considered extensive." U.S.S.G. § 3B1.1, cmt. n.3. In <u>United States v. Rodriguez</u>, 981 F.2d 1199, 1200 (11th Cir. 1993) (footnote omitted), we held that the facts established that a defendant was involved in an "otherwise extensive" criminal activity when the defendant "was organizing a drug transaction that extended from Columbia to Florida to Boston to New York, and which included the purchase and street distribution of 100 kilos of cocaine worth $350,000 in the wholesale market." <u>See</u> <u>also</u> <u>United States v. Gupta</u>, 463 F.3d 1182, 1198 (11th Cir. 2006) (holding that the district court clearly erred by not finding that a criminal activity involving "seven corporations, numerous straw owners, Medicare reimbursements of over $ 15 million, and repeated failure to disclose related party status over a seven-year period" was "otherwise extensive.").

Upon review of the record and consideration of the briefs of the parties, we discern no reversible error. Because Slaughter caused a principal loss of over $5.5 million and involved many knowing and unknowing individuals in his criminal activity, the district court did not err in finding that he was a leader and organizer of a criminal activity that was "extensive."

Moreover, in <u>United States v. Keene</u>, 470 F.3d 1347 (11th Cir. 2006), we held that it was unnecessary to decide an enhancement issue where the district court made clear that even if its interpretation and application of the sentencing

guidelines were wrong, it would still impose the same sentence. 470 F.3d at 1348–49. In this case, the district court stated that, even if it were wrong about the enhancement, it would impose the same sentence.

For the foregoing reasons, we affirm.

**AFFIRMED.**