[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2001
THOMAS K. KAHN
CLERK

No. 99-15148
Non-Argument Calendar

_____

D. C. Docket No. 98-00432-CR-JTC-1-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLEG ZLATOGUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 31, 2001)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The defendant, Oleg Zlatogur, challenges the following: (1) the district

court's admission of hearsay evidence under Federal Rule of Evidence 804(b)(6);

(2) the jury instruction providing a definition for the term "reckless disregard";

(3) the district court's failure to use the defendant's proposed jury instructions regarding "good faith"; (4) the district court's failure to provide a cautionary instruction *sua sponte* with respect to hearsay evidence; and (5) the enhancement of his sentence under Section 3C1.1 of the Sentencing Guidelines for obstruction of justice.

## BACKGROUND

The defendant and his wife, Albina Zlatogur, were both convicted of one count of conspiracy to violate the immigration laws of the United States under 18 U.S.C. § 371, and three counts of the transportation of illegal aliens in violation of 8 U.S.C. § 1324. At trial, the defense moved to exclude testimony regarding threats made by the defendant to Yuri Yezhek, an unindicted co-conspirator. However, the district court held that the testimony was admissible under Rule 804(b)(6), because the court found by a preponderance of the evidence that the defendant's wrongdoing caused the witness to flee the United States. The defendant did not request a cautionary instruction as to the reliability of hearsay evidence and the court did not provide one. In addition, the district court's jury instructions provided a definition for the term reckless disregard, but did not include the defendant's proposed instructions regarding good faith.

After the trial, the court held a sentencing hearing at which the defendant was sentenced to thirty-nine months of imprisonment with one year of supervised release. The court had enhanced his sentence pursuant to Section 3C1.1 of the Sentencing Guidelines for obstruction of justice. In so doing, the court cited the defendant's threats against witnesses, including those against Yezhek.

DISCUSSION

I.

The defendant contends that the district court relied on the wrong standard when it decided to admit hearsay evidence under Rule 804(b)(6). He argues, relying on *United States v. Thevis*, 665 F.2d 616, 631 (5th Cir. Unit B 1982), that Eleventh Circuit precedent requires that the government show by clear and convincing evidence that the defendant's misconduct brought about the unavailability of the witness. Although it is true that *Thevis* adopts the clear and convincing evidence standard, we must depart from our prior holding because the Federal Rules of Evidence have changed since the *Thevis* decision was issued, and one of those rule changes supercedes our prior decisional rule.

At the time we decided *Thevis*, the Federal Rules of Evidence did not provide a hearsay exception based on the misconduct of the wrongdoer, but the doctrine of waiver by misconduct was widely adopted and permitted the admission

of hearsay under the residual exception to the hearsay rule. In 1997 the waiver by misconduct doctrine was codified in Rule 804(b)(6), and the advisory committee note to this new rule provided that "[t]he usual Rule 104(a) preponderance of the evidence standard has been adopted in light of the behavior the new Rule 804(b)(6) seeks to discourage." Fed. R. Evid. 804(b)(6) advisory committee's note. Therefore, we now adopt the preponderance of the evidence standard for determining whether a defendant, through his own misconduct in procuring the unavailability of a witness, has waived his right to object to evidence on hearsay grounds under Rule 804(b)(6). [1]

The defendant also contends that there is insufficient evidence to support a finding that he caused the unavailability of Yezhek through the use of threats and intimidation. He argues that Yezhek fled the United States out of fear of future prosecution. However, we find that there was sufficient evidence to satisfy the preponderance of the evidence standard. Agent Robert S. Godshall of the Immigration and Naturalization Service testified that Yezhek was frightened by threats from the Zlatogurs and refused to cooperate further with the government

---

[1]Statutory change – and the enactment of a new rule provision is equivalent to a statutory change – can supercede one of our decisions for purposes of the prior panel precedent rule. *See United States v. Hanna*, 153 F.3d 1286, 1288 (11th Cir. 1988) ("In this Circuit, only the Court of Appeals sitting en banc, and overriding United States Supreme Court decision, or a change in the statutory law can override a previous panel decision.")

because of those threats. When Yezhek's wife was contacted after the family fled to Moscow, she stated that they left the United States because they were being threatened by criminals. In addition, both Marina Grishkova and Irina Khloponina testified that they were threatened by the Zlatogurs, and Grishkova also testified that the defendant informed her that they had taken care of Yezhek.

As the district court applied the preponderance of the evidence standard and there was sufficient evidence to satisfy that standard, we affirm the decision to admit the testimony.[2]

## II.

### A.

The defendant also takes issue with the jury instructions provided in this case. He argues that the court should not have provided the jury with a definition for the term reckless disregard. "We review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting

---

[2]The defendant also argues that the district court did not consider the reliability of the testimony. However, we have not considered this argument, because even if the reliability of the evidence must be considered under Rule 804(b)(6), there was sufficient corroborating evidence to establish reliability. *See Thevis*, 665 F.2d at 633 n.17 (stating that corroborating evidence is sufficient to show reliability).

party." *Palmer v. Bd. of Regents of the Univ. Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000). "So long as the instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instructions." *Id.*

Section 1324 provides,

> Any person who . . . knowing or in *reckless disregard* of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law . . . shall be punished as provided in subparagraph (B).

8 U.S.C. § 1324(a)(1)(A)(ii) (emphasis added). It is clear that reckless disregard is an element of the offense of transporting illegal aliens, so it was proper for the district court to provide a definition for the term. As we have not approved a definition for the term as it is used under Section 1324, the district court adopted the following definition approved by the Tenth Circuit:

> The phrase 'reckless disregard of the fact,' as it has been used from time to time in these instructions, means deliberate indifference to facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged aliens were in fact aliens and were in the United States unlawfully.

*United States v. Uresti-Hernandez*, 968 F.2d 1042, 1046 (10th Cir. 1992). We find

that this instruction, defining an element of the offense, fairly and accurately stated

the law and was therefore proper.[3]

B.

The defendant also argues that the district court should have provided the

following proposed jury instructions regarding good faith as a theory of the

defense:

> If you find the Defendants hired the workers in the
> indictment, believing the workers were legally able to
> work in the United States or had applied to become
> legally working in the United States, you must acquit the
> Defendants of the charges against them.
> If you find the defendants relied on other
> individuals to make sure the workers in the indictment
> were legally able to work in the United States, even if
> that reliance was mistaken or misplaced, you must acquit
> the Defendants of the charges against them.
> If you find the Defendants, in good faith, believed
> they had complied with the laws of the United States
> regarding the hiring of alien workers, also referred to as
> foreign nationals, then you must acquit the Defendants of
> the charges against them.

---

[3]The defendant argues that this instruction is akin to that of deliberate ignorance, which should only be used when the evidence points to actual or no knowledge. We find the Tenth Circuit's analysis of this issue persuasive. The Tenth Circuit distinguished the two when it stated that "[a] 'deliberate ignorance' instruction . . . gives the jury a method by which to evaluate circumstantial evidence that the person against whom it is employed has actual knowledge of a fact in issue." *Uresti-Hernandez*, 968 F.2d at 1046. The Tenth Circuit also noted, as we did above, that reckless disregard is an element of the offense and, as such, was properly defined to aid the jury in its deliberations. *Id.* Thus, we find no merit in the defendant's contention that this instruction constitutes a deliberate ignorance instruction.

7

We review the district court's failure to provide additional jury instructions for abuse of discretion. *United States v. Morales*, 978 F.2d 650, 652 (11th Cir. 1992). As long as there is some basis in the evidence and legal support, the jury should be instructed on a theory of the defense. *United States v. Orr*, 825 F.2d 1537, 1542 (11th Cir. 1987). "We will reverse a trial judge's refusal of a requested instruction only if the rejected instruction was substantively correct, the actual charge to the jury did not substantially cover the proposed instruction, and the failure to give it substantially impaired the defendant's ability to present an effective defense." *Id.*

Here, the district court held that the proposed instructions did not accurately reflect the law and we agree. The offenses under 18 U.S.C. § 371, and 8 U.S.C. § 1324, have nothing to do with the employment of illegal aliens, though the proposed instructions refer to the employment of illegal aliens several times. The proposed instructions also are erroneous, because they conflict with the reckless disregard element of the offense of transporting illegal aliens. That element lends itself to an objective test, while the language of the proposed instructions infers a subjective test.

In addition, the proposed instructions were substantially covered in the instructions the court actually provided. The district court instructed the jury as follows:

The defendants deny the allegations of the indictment, and further deny that they actually knew that the aliens in the indictment were in fact in the United States unlawfully. The defendants further contend that their belief in the lawful status of the aliens was not reckless, as defined in this instruction.

If the government fails to prove that defendants actually knew or recklessly disregarded that the aliens had come to, entered, or remained in the United States in violation of the law, then you must acquit.

Those instructions cover the good faith theory of the defense, so the defendant's proposed instructions would have been unnecessary even if they had been substantively correct. Thus, we cannot find that the failure to provide the proposed jury instructions was an abuse of discretion.

## C.

The defendant's final contention regarding jury instructions is that the court failed to provide a cautionary instruction *sua sponte* with respect to the reliability of hearsay evidence. "The effect of [a] failure to timely request an instruction is that we can reverse [the] conviction only if the court's failure to give the instruction *sua sponte* constitutes plain error which significantly and substantially prejudiced [the defendant]." *United States v. Moore*, 505 F.2d 620, 624 (5th Cir. 1974).

Here, the district court found that Agent Godshall's testimony about statements made by Yezhek regarding the threats was credible, and there was

9

ample evidence corroborating that testimony. Yezhek's wife told State Department agents that she and her husband fled the United States because they were being threatened by criminals. In addition, Grishkova and Khloponina testified that they were threatened, and Grishkova also testified that the defendant told her that they had taken care of Yezhek. As a result, we cannot find that the district court's failure to give the cautionary instruction significantly and substantially prejudiced the defendant.

III.

Finally, the defendant contends that the district court should not have enhanced his sentence under Section 3C1.1 of the Sentencing Guidelines for obstruction of justice, because the court based its decision, in part, on hearsay. However, the law of this Circuit clearly provides that reliable hearsay can be considered during sentencing. *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999) ("A court may consider any information (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the information is sufficiently reliable."); *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990). The district court may rely on such evidence "as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the

defendant has an opportunity to rebut the evidence." *United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (per curiam), *cert. denied*, 525 U.S. 1126 (1999).

Here, the district court properly considered evidence of threats made to Yezhek at the sentencing hearing. The district court found that Agent Godshall was a credible witness, and there was ample evidence to corroborate his testimony. In addition, both parties had an opportunity to submit their arguments to the court before a ruling on the enhancement was entered. Thus, the district court properly considered hearsay testimony when it enhanced the defendant's sentence.

CONCLUSION

Finding no error in the decisions of the district court, we AFFIRM.