[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 6, 2006
THOMAS K. KAHN
CLERK

No. 05-15913
Non-Argument Calendar

_____

D. C. Docket No. 05-00033-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEBERT DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 6, 2006)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lebert Dixon appeals his convictions stemming from the robbery of two

Publix grocery stores. He was convicted by a jury of two counts of robbery in violation of 18 U.S.C. §§ 1951-2, and two counts of possession of a firearm in furtherance of a violent crime, in violation of 18 U.S.C. § 924 (c)(1)(A)-(c)(2). In this appeal he contends that the district court abused its discretion in three different ways. Specifically, Dixon contests the court's refusal to conduct separate trials for each alleged robbery, its failure to dismiss for cause two members of the venire, and its rejection of a proposed jury instruction.

I.

Dixon argues that he was entitled to separate trials for each of his two robberies, primarily because the evidence against him was stronger in regard to the second robbery, and he could not take the stand and deny his guilt of the first robbery without being questioned about the second one. His argument has no merit, because even if the counts had been severed he still could have been cross-examined about the second one during the trial of the first one; he would have had no right to have the weaker case tried first. In any event, where joinder is proper the defendant has no right to severance even if it would enable him to testify about one of the charges and avoid testifying about the other. United States v. Hersh, 297 F.3d 1233, 1243 n.15 (11th Cir. 2002); United States v. Forrest, 623 F.3d 1107, 1115 (5th Cir. 1980). A defendant does not have a right to avoid being in what

2

Dixon calls "a proverbial bind." The chances of acquittal is not the standard by which the right to severance is measured. Instead, the standard on appeal is whether the defendant has carried his "heavy burden" of demonstrating that he "suffered compelling prejudice" and received an unfair trial. United States v. Walser, 3 F.3d 380, 386 (11th Cir. 1993) (internal citations omitted); see also United States v. Gardiner, 955 F.2d 1492, 1496 (11th Cir. 1992). Dixon has not.

## II.

Dixon also contends that the district court erred by refusing to dismiss two members of the venire–jurors Olson and Kilian–for cause. Both had themselves been victims of robbery in the past. Among other things, those jurors told the district court that they did not "believe" or "think" (respectively) that their prior, personal experiences as victims of robbery would taint their ability to be fair. The main thrust of Dixon's argument is that their arguably equivocal expressions of impartiality reveal impermissible bias.

A court must dismiss a prospective juror for cause when he or she reveals actual bias[1] or when bias is implied because the juror has some special relationship

---

[1] A prospective juror would be impermissibly biased if she would be affected by matters not in evidence or she might presume guilt rather than innocence. See United States v. Dickerson, 248 F.3d 1036, 1045 (11th Cir. 2001). An example of actual bias is found in United States v. Martin, 749 F.2d 1514 (11th Cir. 1985). There, a prospective juror in a bank robbery case said that her status as a former teller and current bank employee would have a "big impact" on her decision. Id. at 1516. We called the juror's predisposition "wholly inconsistent with deciding on the evidence presented in the courtroom." Id. at 1517.

to a party. United States v. Rhodes, 177 F.3d 963, 965 (11th Cir. 1999). On the other hand, dismissal is *not* required if the prospective juror demonstrates that he or she can lay aside any preconceived opinions and render a judgment based solely on the evidence presented in court. Id.  Like the issue of severance, these determinations are committed to the discretion of the trial judge. United States v. Carlin, 698 F.2d 1133, 1135 (11th Cir. 1983). And, as the Government points out, we have said that "there are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion than in ruling on challenges for cause in [the] empanelling of a jury." United States v. Tegzes, 715 F.2d 505, 509 (11th Cir. 1983).  Such deference to the district court's discretion stems from that court's unique position to evaluate demeanor evidence and other factors relevant to the qualifications of a juror. United States v. Hurley, 746 F.2d 725, 727 (11th Cir. 1984).  The district court judge was there; we were not.  He talked with the jurors; we did not.

When the district court asked juror Olson whether being a robbery victim would impair her ability to be fair, she replied, "I don't believe so, no."  When Dixon's counsel spun this response as so hesitant as to "kind of raise[] a question" about her capacity for fairness, the court reasonably concluded that such an argument was "just a matter of semantics."  In juror Kilian's case, Dixon's

4

argument ignores an important piece of the voir dire exchange. After Kilian told the court that he did not "think" his past robbery experience would affect his ability to render a fair judgment, the judge followed up:

> THE COURT: Okay.... [C]an you assure all of us that if you're on this jury, ... you won't let that prior experience influence you in any way?
>
> JUROR KILIAN: Yes, sir.
>
> THE COURT: All right. Fair enough.

Even if equivocation necessarily implied bias, which it does not, juror Kilian did not equivocate. Instead of demonstrating bias, the responses of both jurors demonstrated the capacity to be impartial.

In addition to having been a victim of a robbery in the past, juror Olson (and her husband, although there was no extended discussion about that) was employed at the time of the trial in the Publix corporate offices. Whether Dixon's challenge of juror Olson for cause because she was employed by the corporate victim of the crime should have been granted on this basis is a much closer question, but we still are not persuaded that the district court abused its discretion in failing to grant the challenge. First, the "special relationship" that can be grounds for a juror's dismissal for cause is a relationship with a *party*, and Publix was not a party. Rhodes, 177 F.3d at 965. Second, in the voir dire exchange, Olson assured the

court she could be fair. Third, the court learned that: (a) juror Olson had never heard of the case before, (b) she worked as a file clerk in the Publix corporate office not as a mid- or high- level officer, and (c) she did not start working with Publix until several years after the events at issue in this case occurred. There is also the consideration that the jury was asked to ascertain whether the government had proven beyond a reasonable doubt that Dixon was the robber; it was not asked to assess punishment or set restitution.

Considering all of these factors together, we cannot conclude that the district court abused its discretion in denying the challenge for cause as to Olson on this ground.[2] We might well have decided the matter differently if we were reviewing it <u>de novo</u>, but the abuse of discretion standard means that there will be occasions in which we affirm a district court's decision even if we would have gone the other way if it had been our call in the first instance. <u>See</u> <u>United States v. Brown</u>, 415 F.3d 1257, 1265 (11th Cir. 2005); <u>In re Rasbury</u>, 24 F.3d 159, 168 (11th Cir. 1994).

---

[2] Dixon also contends that juror Olson's experience as a robbery victim and employment by Publix, when taken together, required her dismissal. We cannot say that the district court abused its discretion in not removing her for cause whether the grounds were considered separately or in combination.

Finally, Dixon asserts that the district court erred in instructing the jury. Although he casts his complaint in terms of the district court's rejection of his proposed jury instruction number five on the burden of proof, the real issue is whether the instructions actually given on that subject were fell short in some way.

We will reverse a district court's rejection of a proposed jury instruction only if the rejected instruction was substantively correct, the actual charge given to the jury did not substantially cover the proposed instruction, and the failure to give the requested instruction substantially impaired the defendant's ability to present an effective defense. United States v. Zlatogur, 271 F.3d 1025, 1030 (11th Cir. 2001) (quoting United States v. Orr, 825 F.2d 1537, 1542 (11th Cir. 1987)).

Dixon's proposed instruction simply elaborated on the burden of proof.[3] The district court had instructed the jurors about that at the beginning of the trial, telling them:

---

[3]Specifically, the proposed instruction read:

> Even if you are uncertain whether or not the defense evidence is truthful in whole or in part, you are not obligated to convict. If, after considering all the evidence, the defense evidence, or any part of that evidence or testimony, leaves you with a reasonable doubt as to any element of the charge you must acquit.

> On the other hand, if you are uncertain whether or not to believe a prosecution witness whose testimony is essential to the proof of any element of the charge, you must vote to acquit.

As I told you during the process of jury selection, an Indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against this Defendant or anyone else.  Indeed, the Defendant has entered a plea of not guilty and is presumed by the law to be innocent.

The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that Defendant not guilty.

Proof beyond a reasonable doubt, I remind you again, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  Because the Government bears the burden of proof, it will go forward and present its testimony and evidence first.

The court reiterated its instruction on the subject during its final charge to the jury, stating:

I remind you again that the Indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, as I've told you before, every Defendant is presumed by the law to be innocent and the law does not require a Defendant to prove innocence or produce any evidence at all.  The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the Defendant not guilty.

Now, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any reasonable doubt concerning the Defendant's guilt.

A reasonable doubt is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely

8

and act upon it without hesitation in the most important of your own affairs.

If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

The court's instructions were adequate.  There was no error in failing to give the additional one that Dixon requested.

AFFIRMED.