[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2009
THOMAS K. KAHN
CLERK

No. 08-14272
Non-Argument Calendar

_____

D. C. Docket No. 06-00431-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSAN DENISE HARPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 3, 2009)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Susan Denise Harper appeals from her 48-month sentence imposed after a jury found her guilty of mail and honest services fraud, in violation of 18 U.S.C. §§ 1341, 1346. Harper contests: (1) the imposition of a sentencing enhancement

for her aggravating role in the offense, (2) the determination that the loss amount involved in the offense was greater than $400,000, and (3) the substantive reasonableness of her sentence. After thorough review, we affirm.

The enhancement for a defendant's role "as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). We also review the district court's determination of the amount of loss involved in an offense for clear error. United States v. Woodard, 459 F.3d 1078, 1087 (11th Cir. 2006). Generally, we review the ultimate sentence the district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we find no merit in Harper's claim that the district court erred by imposing a four-level enhancement for Harper's role in a criminal activity that involved five or more participants. In resolving disputes over facts necessary to establish a sentencing range, the district court may consider any "information [that] has sufficient indicia of reliability to support its probable accuracy," regardless of the rules of evidence applicable at trial. U.S.S.G. § 6A1.3(a). "To show that the evidence lacks minimal indicia of reliability a defendant must establish (1) that the

challenged evidence is materially false, and (2) that it actually served as a basis for the sentence." United States v. Bourne, 130 F.3d 1444, 1447 (11th Cir. 1997) (quotations and citation omitted) (holding that hearsay testimony may be considered when determining the amount of restitution, as long as the hearsay is sufficiently reliable). A district court may consider hearsay during sentencing as long as: (1) the evidence has a sufficient indicia of reliability; (2) the court makes "explicit findings of fact as to credibility;" and (3) the defendant has the opportunity for rebuttal. United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001) (quotations omitted).

In United States v. Lee, 68 F.3d 1267 (11th Cir. 1995), we vacated the defendant's sentence and remanded for further findings regarding the reliability of a co-conspirator's hearsay statement. Id. at 1276. We held that a hearsay statement made against penal interest failed to qualify as sufficient indicia of reliability, particularly because the co-conspirator was a fugitive. Id. at 1275-76. However, in United States v. Gordon, 231 F.3d 750 (11th Cir. 2000), we held that where there was materially consistent evidence from other sources, to be considered along with the hearsay, such evidence could establish reliability. Id. at 761. "While it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used

at sentencing, the absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." Id.

A four-level enhancement is applied if the defendant "was an organizer or leader of a criminal activity that involved five or more participants." U.S.S.G. § 3B1.1(a). In determining the defendant's role in the offense, the district court should consider: the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n.4). In determining the number of participants in a criminal activity, the district court counts all individuals, including the defendant, who were criminally responsible for the commission of the offense even though they might not have been convicted. United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994); U.S.S.G. § 3B1.1 comment. (n.1) ("[a] 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted"). The government has the burden of proving "by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

4

Here, the district court did not err in considering hearsay statements contained in the PSI because: (1) materially consistent evidence introduced at the sentencing hearing and garnered from interviews with the four check cashers established its reliability, see Gordon, 231 F.3d at 761, and (2) Harper was given an opportunity to rebut this hearsay testimony but waived the right to do so when she failed to present fact witnesses at the sentencing hearing. Id. at 760. In addition, separate findings regarding the reliability of the statements were not necessary because their reliability is apparent from the corroborating evidence presented. Id. at 761. Moreover, the government has shown by a preponderance of the evidence that the four check cashers were "criminally responsible" participants in the scheme, since they were all aware that they were cashing insurance checks to which they were not entitled. See U.S.S.G. § 3B1.1 comment. (n.1). Because the district court correctly found that there were five or more participants in the criminal activity, the court did not clearly err in concluding that a four-level role enhancement for Harper's role in the offense was warranted.

Next, we are unpersuaded that the district court erred in determining that the loss amount was greater than $400,000 by including two unindicted checks as part of that amount.[1] Under U.S.S.G. § 2B1.1(b)(1), for offenses involving fraud or

---

[1] Harper's opening brief before us contests only the inclusion of two unindicted checks in the loss amount. Consequently, we consider abandoned Harper's arguments, raised for the first time

deceit, the offense level increases based upon the amount of loss. For losses over $400,000, the defendant receives an enhancement of 14 levels. U.S.S.G. § 2B1.1(b)(1)(H). The loss amount is the greater of actual loss or intended loss. U.S.S.G. § 2B1.1, comment. (n.3(A)). In addition, "[t]he court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1, comment. (n.3(C)). However, "the district court must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines." United States v. Wilson, 993 F.2d 214, 218 (11th Cir. 1993).

Under U.S.S.G. § 1B1.3(a)(1), "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction" shall be factored into the determination of the offense level. In fraudulent activity, each defendant is liable for the reasonably foreseeable fraudulent activity of all the other codefendants involved in the fraud. See U.S.S.G. § 1B1.3 comment. (n.2(c)(2));

---

in her reply brief, to the extent they concern the inclusion of other checks in the loss amount. See United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (holding that an argument is abandoned when it is raised for the first time in a reply brief).

see also United States v. McCrimmon, 362 F.3d 725, 732-33 (11th Cir. 2004) (holding that a defendant is liable for the amount of loss for the entire scheme where he was fully aware of the objectives of the conspiracy and was actively involved in furthering and expanding it). Moreover, "[u]nless otherwise specified," specific offense characteristics are determined based on all acts committed during the commission of the offense of conviction or in preparation for that offense and acts that were part of the same course of conduct. U.S.S.G. § 1B1.3(a). In determining the loss attributable to relevant conduct, the government bears the burden of proving loss with reliable and specific evidence. United States v. Dabbs, 134 F.3d 1071, 1081 (11th Cir. 1998).

As the record here shows, the district court did not clearly err in including the two attempted checks as part of the loss amount for Harper's offense. The testimony of Gary Gilmour, the Senior Vice President of Claims at Underwriter Safety & Claims ("US&C"), concerning the two attempted checks was supported by independent evidence and therefore bore sufficient indicia of reliability. See Gordon, 231 F.3d at 761. Further, the two attempted checks were made out to payees clearly involved in the same course of conduct, and were thus relevant conduct for purposes of determining the loss amount. See U.S.S.G. § 1B1.3(a). Consequently, the court did not clearly err in calculating the loss amount.

Lastly, we reject Harper's argument that the sentence imposed by the court, which was below the guideline range, was substantively unreasonable.[2]  We must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)). A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing in § 3553(a).[3]  Id. at 1191.  We will remand if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Pugh, 515 F.3d at 1191  (citations omitted). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotations omitted).

---

[2] In reviewing sentences for reasonableness, we usually review for both procedural and substantive reasonableness.  Pugh, 515 F.3d at 1190.  In this case, however, Harper does not challenge the procedural reasonableness of her sentence.

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

The record here demonstrates that the district court considered the § 3553(a) factors in determining Harper's sentence, including Harper's history and personal characteristics, the applicable guideline range, and the need to provide just punishment for the offense, deter criminal conduct, and protect the public. In addition, the district court explicitly considered Harper's lack of criminal history and her good qualities in determining her sentence. In light of this record, and the fact that Harper's 48-month sentence was below the sentencing range of 57 to 71 months, Harper has not established that her below guideline sentence was unreasonable. See Thomas, 446 F.3d at 1351.[4]

**AFFIRMED.**

---

[4] And while Harper relies on the decision from United States v. Brown, 459 F.3d 509 (5th Cir. 2006), to point out that her sentence of 48 months is "substantially higher" than the sentences of 30, 37, and 46 months given to three defendants in the Enron scheme to defraud, the Brown defendants did not appeal their sentences and there is no information on how their sentences were fashioned, and the case therefore does not assist Harper.