[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2009
THOMAS K. KAHN
CLERK

No. 08-16440
Non-Argument Calendar

_____

D. C. Docket No. 08-80043-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY J. ANDREW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 3, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Gregory J. Andrew[1] appeals his 60-month sentence, imposed after he pled guilty to attempted bank robbery in violation of 18 U.S.C. §§ 2, 2113(a). On appeal, he argues that the district court imposed a procedurally unreasonable sentence because it applied a six-level increase pursuant to § 2B3.1(b)(2) of the U.S. Sentencing Guidelines, based on his co-defendant Sergio Rivera's "otherwise use[]" of a firearm. Specifically, he contends that (1) the district court clearly erred by finding that Rivera used a firearm during the offense, arguing that the evidence was insufficiently speculative; and that (2) the district court erroneously concluded that Rivera "otherwise used," as opposed to "brandished," the firearm, because he never used it to make any kind of threat.

Both arguments raised by Andrew concern the application of the same enhancement, Guidelines § 2B3.1(b)(2). In calculating a defendant's robbery offense level, Guidelines § 2B3.1(b)(2) provides, *inter alia*, that:

> (B) if a firearm was otherwise used, increase by 6 levels;
> (C) if a firearm was brandished or possessed, increase by 5 levels;
> (D) if a dangerous weapon was otherwise used, increase by 4 levels;
> (E) if a dangerous weapon was brandished or possessed, increase by 3 levels . . . .

U.S. SENTENCING GUIDELINES § 2B3.1(b)(2)(B)-(E). The district court applied a

---

[1] The record spells the Appellant's name both "Andrews" and "Andrew." On appeal, the parties agree that the correct spelling of his surname is "Andrew."

six-level increase based on Rivera's "otherwise use[]" of a firearm.[2]  Andrew contends that the district court should have applied one of the other enhancements listed above.  Significantly, Andrew does not argue that his co-defendant's use of a weapon was not reasonably foreseeable to him.

## I. Firearm versus dangerous weapon

Andrew contends that the district court committed clear error by finding that his co-defendant used an actual firearm during the attempted bank robbery. Andrew argues that his co-defendant did not have a firearm, and therefore the enhancement for a dangerous weapon pursuant to Guidelines § 2B3.1(b)(2)(D) or (b)(2)(E) is appropriate.  "[W]e review the factual findings underlying the district court's sentencing determination for clear error."  *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008).

The Guidelines provide that the term "[f]irearm" means a weapon that is designed "to expel a projectile."  U.S. SENTENCING GUIDELINES § 1B1.1 cmt. n.1(G).  The term "[d]angerous weapon," however, encompasses "an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument . . . ."  *Id.* at § 1B1.1

---

[2] The Probation Officer recommended a four-level enhancement pursuant to Guidelines § 2B3.1(b)(2)(D) for the "otherwise use[]" of a dangerous weapon.

cmt. n.1(D)(ii).

If a defendant challenges one of the factual bases for his sentence, the government must prove the disputed fact by a preponderance of the evidence. *See United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999). The district court may consider reliable hearsay evidence at sentencing, so long "as the evidence has sufficient indicia of reliability, the [district] court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (per curiam) (quotations marks and citation omitted). In addition, "the appellate court shall give due regard to the opportunity of the sentencing court to judge the credibility of the witnesses. . . ." *United States v. Glinton*, 154 F.3d 1245, 1259 (11th Cir. 1998) (quotation marks, alteration, and citation omitted).

Andrew's argument that the evidence was speculative is without merit. Federal Bureau of Investigation Special Agent John MacVeigh testified at sentencing regarding the contents of the defendants' post-arrest statements, including Andrew's later-recanted assertion that the gun was real, Andrew's assertion that the object resembled the real gun that Rivera owned and Rivera had previously shown him, and Andrew's assertion that Rivera, en route to the robbery, expressed his desire to shoot a particular bank employee. Furthermore, the bank

4

teller testified at sentencing that the object Rivera held during the robbery appeared to be a real gun, and that Rivera, a former employee of the bank, had previously boasted to her that he owned a gun. Surveillance photos further confirmed the teller's account of the robbery, and recent receipts from "Gator Guns" suggested that Rivera purchased a firearm (or firearms) before the attempted bank robbery. As such, Andrew has failed to establish that the district court clearly erred by finding that Rivera had an actual firearm.

## II. Otherwise used versus brandished or possessed

Andrew next contends that the district court erred in concluding that his co-defendant's conduct constituted "otherwise us[ing]" a firearm as opposed to "brandish[ing]" a firearm. U.S. SENTENCING GUIDELINES § 1B1.1 cmt. n.1(C), (I). Our review is *de novo*. *See United States v. Cover*, 199 F.3d 1270, 1278 (11th Cir. 2000) (per curiam).

"[O]therwise used" means that "the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S. SENTENCING GUIDELINES § 1B1.1 cmt. n.1(I). "Brandished" means "that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person."

5

*Id.* at § 1B1.1 cmt. n.1(C). We have held that "the use of a firearm to make an explicit or implicit threat against a specific person constitutes 'otherwise use' of the firearm." *Cover*, 199 F.3d at 1278.

The evidence showed that Rivera pointed his gun at the bank teller while instructing her to retrieve the keys to the bank's vault and while escorting her to the vault area. Accordingly, Rivera did more than make the presence of his gun known to the teller: he used it to obtain her compliance with his requests. The district court correctly concluded that Rivera used the firearm to, at a minimum, implicitly threaten the teller. Therefore, the district court properly increased his offense level for "otherwise use[]" of a firearm.

### III. Conclusion

Upon review of the record and consideration of the parties' briefs, we conclude that the district court correctly increased Andrew's offense level by six levels because his co-defendant "otherwise used" a firearm. Accordingly, we affirm.

**AFFIRMED.**