[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

_____

No. 11-14700
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60047-UU-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASMIN REMBERT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2012)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jasmin Rembert appeals her sixty-three-month sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and for conspiracy to commit identity theft and access device fraud, in violation of 18 U.S.C. § 371.

Rembert worked in the Teacher Certification Department of the Broward County School Board, Florida, where she used her access to the teacher certification database to collect the personal identification information contained within that database and then sell that information to her co-conspirators. Her co-conspirators then used this information to make fraudulent purchases and receive cash advances.

Rembert was convicted of one count of conspiracy to commit bank fraud and one count of conspiracy to commit identity theft and access device fraud. The revised pre-sentence investigation report determined that Rembert defrauded or intended to defraud more than fifty victims of more than $414,840. At the sentencing hearing, the government offered testimony from a federal agent that forty-two individuals and eight banks suffered a loss of $408,000. The agent further testified that Rembert had access to the names of the forty-two individual victims through the teacher certification database, suggesting that the total loss amount could be attributed to her. On cross-examination, the defense counsel demonstrated that the federal agent's testimony relied exclusively on hearsay from

fraud affidavits filed with the banks. Nevertheless, the district court concluded that the government had shown that the amount of loss was $408,000. The court further determined that the guideline sentence was appropriate, rejecting arguments by Rembert that her family situation and absence of a criminal history warranted a downward departure.

On appeal, Rembert argues that the government did not meet its burden of proof as to the amount of loss. Rembert also argues that her sentence was substantively unreasonable. We address each argument in turn.

This Court reviews for clear error a district court's determination of the amount of loss for sentencing purposes. United States v. Medina, 485 F.3d 1291, 1297 (11th Cir. 2007). "When a defendant challenges one of the factual bases of [her] sentence . . . the Government has the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). Hearsay may be admitted at sentencing if there are "sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001) (quotation marks omitted). However, "the absence of such [credibility and reliability] findings does not necessarily require reversal or remand where the reliability of the statements is

3

apparent from the record." United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000). Rembert argues that the district court clearly erred by considering unsubstantiated evidence, and by failing to make specific findings of fact that the hearsay testimony relied upon by the government was credible and reliable.[1] We disagree.

At the sentencing hearing, the federal agent testified that Rembert had access to the teacher certification database that fueled a major identity theft operation. The federal agent further testified that "all victims were teachers in the education field," based upon hearsay reports that the bank had delivered to the agent. The district court judge directly questioned the federal agent, probing the reliability of his testimony.[2] Although defense counsel challenged the strength of the government's evidence, the district court was satisfied that the government "produced sufficient circumstantial evidence to tie the defendant to individuals who were the victims and . . . provided . . . adequate sufficiently specific

---

[1] The government argues that Rembert never disputed the loss amount at the sentencing hearing, but that her only claim was that "she had not provided any identifying information" directly to a co-conspirator. We disagree. Defense counsel for Rembert clearly objected to the loss amount in her written objections to the PSR, and questioned the reliability of the federal agent's testimony.

[2] Specifically, the judge asked the agent whether he had obtained fraud affidavits for each victim, and also questioned how the agent ascertained the occupation of those victims who did not list their occupations on the fraud affidavits.

information concerning the amounts [of loss]." Thus, we cannot say that the district court failed to make findings as to the reliability of the hearsay testimony, especially where the defense had an opportunity to challenge the government's evidence, and the court confirmed the reliability of the evidence by asking its own questions. See Zlatogur, 271 F.3d at 1031; Gordon, 231 F.3d at 761. And based on the evidence presented at sentencing, we cannot say that the district court's finding was clearly erroneous. See Medina, 485 F.3d at 1297; Lawrence, 47 F.3d at 1565.

As to Rembert's argument that her sentence was unreasonable, we review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). A district court is required to impose a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and protect the public from future criminal conduct. See 18 U.S.C. § 3553(a)(2). A district court should also consider the nature of the offense, the history and characteristics of the defendant, the sentences available under the guidelines, and the need to avoid unwarranted sentencing disparities. See id. § 3553(a)(1), (3)–(7). Although we do not presume a sentence within the guideline range to be reasonable, we ordinarily expect such a sentence to be

reasonable. <u>United States v. Hunt</u>, 526 F.3d 739, 746 (11th Cir. 2008) (citations omitted). Rembert argues that her need to care for three children, her absence of a prior criminal history, and the minimal nature of the losses to individual victims warrants a downward departure from the sentencing guidelines range. She further argues that her sentence was more severe than that imposed on similarly culpable defendants in this case, and that a downward departure is therefore required to avoid unwarranted sentencing disparities.

After considering all these arguments at the sentencing hearing, the district court concluded that the guideline sentence was appropriate, because Rembert had significantly abused a position of trust. The court also expressed concern about the number of victims and the large amount of loss. Given that the district court considered the § 3553(a) factors, we will not substitute our judgment for that of the district court by re-weighing those factors. <u>See</u> <u>United States v. Amedeo</u>, 487 F.3d 823, 832 (11th Cir. 2007). As to the alleged sentencing disparity, Rembert fails to point to a co-conspirator who was responsible for both an equivalent amount of loss and a similar number of victims, but who also received a lesser sentence. Therefore, we do not perceive there to be any sentencing disparity under § 3553(a)(6).

For the reasons stated, we AFFIRM the district court.