[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10631
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00108-BAE-GRS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARION MAURICE FIELDS,
a.k.a. O.G.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 24, 2012)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Marion Maurice Fields appeals his convictions and sentences on three counts of distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  He contends that the district court improperly denied his motion *in limine* to prohibit the use of electronic recordings and transcripts.  He also challenges the factual support for his 168-month concurrent sentences.

## I.

On appeal, Fields argues that portions of the recordings were inaudible or unintelligible.  These portions, Fields argues, were so substantial as to render the recordings as a whole untrustworthy.  In a single sentence in his initial brief, Fields also notes that a defendant must have the ability to cross examine individuals who are party to the conversations that have been recorded.

The district court has broad discretion in deciding whether to admit a recording into evidence, even one containing inaudible or unintelligible portions. *United States v. Lively*, 803 F.2d 1124, 1129 (11th Cir. 1986); *see also United States v. Wilson*, 578 F.2d 67, 69 (5th Cir. 1978).[1]  The district court may admit

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

into evidence a recording containing inaudible or unintelligible portions unless those portions are "so substantial as to render the recording as a whole untrustworthy." *Lively*, 803 F.2d at 1129 (internal quotation marks omitted). In *Lively*, we held that a seven-second gap near the beginning of a tape recording did not render the whole recording untrustworthy. *Id.*; *see also United States v. Nicoll*, 664 F.2d 1308, 1314 (5th Cir. Unit B 1982) (holding that a tape recording was admissible despite a one-minute gap created when the tape reached the end of one side and was turned over to continue recording), *overruled on other grounds*, *United States v. Henry*, 749 F.2d 203 (5th Cir. 1984).

Federal Rule of Evidence 901(a) provides that the proponent of an item of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). To admit a tape recording into evidence, the proponent must establish the following: (1) the person operating the recording equipment was competent; (2) the equipment functioned accurately; (3) the recording had not been materially altered; and (4) the speakers' identities. *Lively*, 803 F.2d at 1129.

The Confrontation Clause provides criminal defendants with the right to confront witnesses against them. U.S. Const. amend. VI. The Confrontation Clause bars testimonial statements of a witness who did not appear at trial unless

3

he was unavailable and the defendant had a prior opportunity to cross examine

him. *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 1365, 158 L.

Ed. 2d 177 (2004). Although the Supreme Court has not provided an exhaustive

definition of "testimonial statements," statements may be "testimonial" for

purposes of the Confrontation Clause if made under circumstances that might lead

an objective witness reasonably to believe the statement would be available for use

at a trial. *Id.* at 52, 124 S. Ct. at 1364. The Confrontation Clause does not,

however, prohibit using testimonial statements for purposes other than

establishing the truth of the matter asserted. *Id.* at 59 n.9, 124 S. Ct. at 1369 n.9

(citing *Tennessee v. Street*, 471 U.S. 409, 414, 105 S. Ct. 2078, 2081-82, 85 L. Ed.

2d 425 (1985)).

To raise an issue on appeal, a party must plainly and unambiguously

demarcate it. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

Passing mention of an issue in an initial brief is insufficient to raise it on appeal.

*Id.*

## II.

Although Fields contends that the electronic recordings were untrustworthy

because substantial portions of them were inaudible or unintelligible, he has not

provided support for this claim. He has not pointed to specific examples in any of

4

the recordings to show how any inaudible or unintelligible portions affected overall trustworthiness of the recordings.  Under these circumstances, we conclude that he has not shown that the district court abused its discretion by admitting the electronic recordings.

Fields also argues that the district court improperly denied his motion *in limine* with respect to transcripts of the electronic recordings.  Specifically, Fields contends that the transcripts were potentially inaccurate because of the inaudible and unintelligible portions of the recordings.  Fields does not, however, point to specific inaccuracies in the transcripts.

The district court has discretion to provide transcripts to the jury as an aid in listening to a recording.  *United States v. Onori*, 535 F.2d 938, 947 (5th Cir. 1976).  If a defendant is unsatisfied with a transcript's accuracy, he may produce his own version of the whole transcript or of the disputed portions. *United States v. Hogan*, 986 F.2d 1364, 1376 (11th Cir. 1993); *see also Wilson*, 578 F.2d at 69-70.  In *Hogan*, we held that a defendant did not show an abuse of discretion where he did not point to specific inaccuracies in the government's transcript and did not provide his own transcript.  *Hogan*, 986 F.2d at 1376.

Fields has not pointed to specific portions of the transcript that were inaccurate, and he did not provide to the jury his own version of any disputed

5

portions of the transcripts.  Under these circumstances, we conclude that he has not shown that the district court abused its discretion by allowing the jury to use the transcripts that the government provided.

## III.

Next, Fields argues that the district court erred in attributing to him the following: 54.2 grams of cocaine base recovered during Spaulding's arrest on May 17, 2010, and 30.5 grams of cocaine base and a firearm, both recovered on July 12, 2010, during an attempt to arrest Fields at a residence that he was renting at the time.  Specifically, he argues that the government did not prove, by a preponderance of the evidence, that he possessed any of these items.  As to the cocaine base recovered on May 17, 2010, Fields contests the reliability of a DEA agent's testimony that Spaulding stated, in a DEA interview, that Fields had supplied him with the cocaine base.  Fields also emphasizes that he was not present at the transaction on May 17, 2010, that resulted in Spaulding's arrest.  As to the cocaine base and firearm recovered on July 12, 2010, Fields argues that, although officers observed someone flee from the residence, the government did not establish that Fields was that individual.  Therefore, he contends the government did not establish that the cocaine and firearm belonged to Fields.

We review the district court's factual findings for clear error and its

6

application of the Sentencing Guidelines *de novo*. *United States v. Lindsey*, 482

F.3d 1285, 1294 (11th Cir. 2007). The sentencing judge may consider reliable

hearsay. *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001). We

review the reasonableness of a sentence under a deferential abuse of discretion

standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed.

2d 445 (2007). "We may set aside a sentence only if we determine, after giving a

full measure of deference to the sentencing judge, that the sentence imposed truly

is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en

banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

In calculating the appropriate advisory guideline range, the district court

may consider criminal acts for which a defendant has not been charged, provided

that the government has proven those acts by a preponderance of the evidence.

*Lindsey*, 482 F.3d at 1294. The district court may consider types and quantities of

drugs not specified in the count of conviction when calculating the offense level.

U.S.S.G. § 2D1.1, comment. (n.12). Nevertheless, if a defendant objects to the

drug amount, the government must still prove the amount by a preponderance of

the evidence. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).

In *United States v. Rodriguez*, the defendant was convicted of conspiracy to

possess with intent to distribute ecstacy and possession with intent to distribute

7

ecstacy. *Rodriguez*, 398 F.3d at 1292, 1294. The indictment did not include the drug quantity attributable to the defendant, and the jury did not make a specific finding as to quantity. *Id.* at 1294. Authorities arrested the defendant after he had transported 2,000 ecstacy tablets as part of a deal with a confidential informant. *Id.* at 1293. The PSI, however, attributed 30,000 ecstacy tablets to the defendant based upon a coconspirator's trial testimony. *Id.* at 1294-95. The district court adopted the PSI's finding as to drug quantity over the defendant's objections that the coconspirator's testimony was inconsistent, vague, and unreliable. *Id.* We upheld the district court's calculation of the drug amount because the district court did not clearly err in determining that the coconspirator's testimony was credible. *Id.* at 1297.

We conclude from the record that Fields also has not shown that the district court clearly erred in attributing to him the cocaine base recovered on May 17, 2010, or the cocaine base and firearm recovered on July 12, 2010. Although he argues that the testimony regarding each of these items was not credible, he simply has not shown that the district court's conclusion to the contrary was clear error.

**IV.**

For the aforementioned reasons, we affirm Fields's convictions and sentences.

8

**AFFIRMED.**