[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15392
Non-Argument Calendar
_____

D. C. Docket No. 1:07-cr-00228-WS-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ANTHONY CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 28, 2012)

Before MARCUS, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

James Anthony Campbell appeals the revocation of his supervised release and the resultant 24-month sentence based on his arrest for second-degree rape, sexual abuse, and sodomy of a minor.  On appeal, Campbell argues that the district court improperly admitted hearsay evidence at his revocation hearing because the court failed to balance his right to confront the alleged victim against the government's reasons for not producing her at the hearing as required by United States v. Frazier, 26 F.3d 110 (11th Cir. 1994).  No reversible error has been shown; we affirm.

We review a district court's evidentiary decisions, as well as the revocation of supervised release, for abuse of discretion.  United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001) (evidentiary decisions); Frazier, 26 F.3d at 112 (revocation of supervised release).

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic.  Defendants involved in revocation proceedings are entitled to certain minimal due process requirements."  Frazier, 26 F.3d at 114.  Among the due process requirements available at a revocation hearing is the right to confront and cross-examine adverse witnesses.  Id.; see also Fed.R.Crim.P. 32.1(b)(2)(C) (stating before supervised release is revoked, "[t]he person is entitled to . . . an opportunity to . . .

2

question any adverse witness unless the court determines that the interest of justice does not require the witness to appear").

The right to cross-examine adverse witnesses at a revocation of supervised release hearing is not absolute; instead, "in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." Frazier, 26 F.3d at 114. In addition, the hearsay statement must be reliable. Id. Where the properly considered evidence -- alone -- is sufficient to support the district court's conclusion, any error is harmless. Id.

To establish harm, Campbell must satisfy a two-part test. "If admission of hearsay evidence has violated due process, the defendant bears the burden of showing that the court explicitly relied on the information. The defendant must show (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991) (internal quotations marks, citations, and emphasis omitted).

Hearsay may be admitted at sentencing if there are "sufficient indicia of reliability, the [district] court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United States v.

3

Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001) (quotations omitted). "[T]he focus is upon the question of [the hearsay's] reliability, which must be determined on a case by case basis." United States v. Lee, 68 F.3d 1267, 1275 (11th Cir. 1995). "While it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used at sentencing, the absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000).

At his revocation hearing, the district court overruled Campbell's hearsay objection and permitted the police officer assigned to investigate the alleged rape and sexual abuse to testify about what the alleged victim told the officer about the incident. Here, the court made no express findings about the reliability of the hearsay statement under the required Frazier-balancing test. Even if the court erred in this respect, other evidence was sufficient to revoke Frazier's supervised release: for example, Campbell's admission to his probation officer, following his arrest for second-degree rape, that he had no idea that the alleged victim was only 13 and that he believed that she was the age of consent. Based on Campbell's knowledge that he was arrested on second-degree rape charges and given the age of the victim, the district court specifically highlighted that Campbell's comments

4

to his probation officer were sufficient to conclude that Campbell had violated the terms and conditions of his supervised release.  Frazier, 26 F.3d at 114.

About the resulting sentence, even if we assume, arguendo, that the district court erred by not making a reliability finding before relying on hearsay statements, remand is not necessary.  Campbell has not demonstrated that the hearsay evidence was materially false or unreliable.  See Taylor, 931 F.2d at 847.  Instead, it appears that, given the context of other evidence -- including Campbell's statements to his probation officer, the existence of the explicit text messages from Campbell on the victim's phone, and the victim's age -- the police officer's testimony about what the victim told the officer happened was reliable.  Gordon, 231 F.3d at 761.

If the court erred by relying on hearsay evidence in revoking Campbell's supervised release, the error was harmless.

AFFIRMED.