BOWEN, Senior District Judge,
specially concurring:
I concur in the opinion in full. I write specially to comment on the Government’s treatment of the sentencing proceedings.
This is another case wherein the Government has failed to come forward with evidence at a critical time. Unfortunately, important objections made by a defendant at a sentencing hearing are often dealt with as an afterthought. The Government’s cavalier disregard for the need of further evidence, specific references to a trial transcript, or another basis upon which the district court may make sustainable findings is all too typical. In this case, after a laboriously conducted two-week trial, resulting in a conviction we readily affirm, the Government’s willingness to allow the matter to conclude resting upon extrapolation, conjecture, and innuendo left the district court stranded with a well-prepared Presentence Investigation Report, some commentary, and little else.
A district court’s factual findings at a sentencing hearing are reviewed using the deferential standard of “clear error.” United States v. Foley, 508 F.3d 627, 632 (11th Cir.2007). Here, as a consequence of the Government’s lackadaisical approach, we are ultimately “left with the definite and firm conviction that a mistake has been committed.” United States v. McDaniel, 631 F.3d 1204, 1209 (11th Cir.2011). The Government’s inaction encouraged the district court to speculate as to the amount of loss and the number of victims. Why the Executive Branch would expend its resources in extensive, indeed intricate, investigation and prosecution of this case, only to approach its culmination (the sentencing event) with such laxity, is a mystery.
It is true that a sentencing proceeding is more flexible and less formalized than a trial to a jury. See, e.g., Foley, 508 F.3d at 633 (“[T]he [Sentencing] Guidelines require a district court to take into account not merely the charged conduct, but rather all relevant conduct, in calculating a defendant’s offense level.”) (citation and internal quotation marks omitted); United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir.2001) (observing that a district court may consider “reliable hearsay” during sentencing). During sentencing, The Government need only establish a disputed fact by a preponderance of the evidence. United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir.1995). Further, the district court can rely upon its recollection of the evidence of the trial to make its findings. United States v. Hamaker, 455 F.3d 1316, 1338 (11th Cir.2006) (“The district court’s factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the [Presentence Investiga *1307 tion Report], or evidence presented during the sentencing hearing.”) (citation and internal quotation marks omitted).
I fear that the latitude allowed in sentencing proceedings often lulls the Government’s lawyers into a species of spectator. However, the lower standard of proof, the district court’s wide discretion, and the degree of informality in no way lessen the importance or the due process implications of the event. See United States v. Gupta, 572 F.3d 878, 887-88 (11th Cir.2009) (observing that “the Government[’s] burden of establishing the disputed fact by a preponderance of the evidence ... must be satisfied with reliable and specific evidence ” and that “a district court must make factual findings sufficient to support the government’s claim....”) (emphasis added) (citations and internal quotation marks omitted). Thus, the significance of the Government’s participation continues from the commencement of the case to its conclusion.
In fairness to the district court, findings made at a sentencing hearing are often entered months after a trial, following other trials, adversary proceedings, contested matters, and numerous matters in litigation. The United States Probation officers correctly concentrate on the preparation of a Presentence Investigation Report, which may include evidentiary matters, opinions, conclusions, and recommendations based on subjective criteria. When facts in the Presentence Investigation Report are disputed, however, the district court needs more. No one is better positioned than trial counsel for the Government to anticipate and satisfy the need for articulation, protection, and supplementation of the record with the testimony of witnesses, necessary exhibits, or other evidence. Too often, energetic, successful prosecutors approach what is arguably the most important part of the case with a surprising level of inexactitude. Responsible advocacy demands more.