[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17066
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-14027-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM FRANKLIN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2009)

Before BIRCH, CARNES  and HULL, Circuit Judges.

PER CURIAM:

William Franklin Johnson appeals his 36-month above-range sentence,

which the district court imposed after he violated the terms of his supervised release by committing lewd and lascivious behavior against a minor. Johnson contends the district court's reliance at sentencing on his presentence investigation report, which includes police reports of unconvicted conduct, violated his Sixth Amendment right to confrontation. Johnson further alleges the district court erred in relying on such hearsay evidence without balancing his confrontation rights against the government's reasons for denying confrontation.[1] We affirm.

We review a district court's evidentiary decisions, as well as the revocation of supervised release, for abuse of discretion. United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001) (evidentiary decisions); United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994) (revocation of supervised release). We review de novo the scope of a defendant's constitutional rights. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005).

Johnson contends that Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), which defines protections guaranteed by the Confrontation Clause of the Sixth Amendment, should extend to testimonial hearsay evidence in supervised

---

[1] Johnson does not challenge the reasonableness of his sentence resulting from the revocation of his supervised release. Thus he has abandoned this claim, and we will not consider the district court's reasons for varying from the guideline range. See United States v. Jernigan, 341 F.3d 1273, 1284 n. 8 (11th Cir. 2003) (noting that a claim not "plainly and prominently" raised is abandoned on appeal).

release revocation hearings. That argument fails. The Sixth Amendment right to confront adverse witnesses is guaranteed only in "criminal prosecutions." U.S. Const. Amend. VI. The Supreme Court has held that a parole revocation hearing does not constitute a "criminal prosecution," Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), and we have found "no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release." Frazier, 26 F.3d at 113–14. Crawford does not apply to non-capital sentencing proceedings, because the right to confrontation is a trial right, not a sentencing right. Cantellano, 430 F.3d at 1146.

Johnson argues that before the district court could rely on hearsay evidence, it was required to balance his confrontation rights against the government's reasons for denying confrontation. He insists this requirement is independent of the Crawford issue, but it is not. At his hearing Johnson promptly "conceded the violation" of the terms of his supervised release, and the district court relied on hearsay evidence only when sentencing him. In this context Johnson had no confrontation rights to balance against the government's reasons for denying confrontation. See Cantellano, 430 F.3d at 1146 ("The right to confrontation is not a sentencing right.").

Furthermore, the evidence within Johnson's PSR is uncontested and

therefore reliable. It is clearly established that reliable hearsay evidence may be considered at sentencing. See, e.g., 18 U.S.C. § 3661; United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005); United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001); U.S.S.G. § 6A1.3(a) (2004).[2] "Facts contained in a [PSR] are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court 'with specificity and clarity.'" United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (quoting United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006)). "'It is the law of this circuit that a failure to object to allegations of fact in a [PSR] admits those facts for sentencing purposes' and 'precludes the argument that there was error in them.'" Id. (quoting United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006); Bennett, 472 F.3d at 832)); see also Fed. R. Crim. P. 32(i)(3)(A) (stating that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact"). Johnson's brief to this Court does not challenge the PSR's description of his prior arrests and unconvicted conduct. Indeed, Johnson has never challenged those descriptions—not in 1998 when he was sentenced for the underlying drug offenses,

---

[2] The Supreme Court decisions in Crawford and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), do not affect these conclusions. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007); United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006); United States v. Chau, 426 F.3d 1318, 1322–23 (11th Cir. 2005).

and not with any specificity or clarity during his supervised release revocation hearing ten years later. Because Johnson's PSR must therefore be accepted as accurate, Beckles, 565 F.3d at 844 (citations omitted), the district court was well within its discretion to rely on it. See, e.g., Baker, 432 F.3d at 1253; Zlatogur, 271 F.3d at 1031.

**AFFIRMED**.