[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2012
JOHN LEY
CLERK

No. 11-14978
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20635-PAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MEKINSON JEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mekinson Jean appeals his fifteen-month sentence, imposed for violating the conditions of his supervised release. Jean originally pled guilty to one count of theft of United States treasury checks, in violation of 18 U.S.C. § 641. On appeal, Jean argues that his sentence was procedurally unreasonable because the district court relied upon arrest affidavits without making the requisite findings of reliability. Jean also argues that the district court's imposition of a consecutive sentence to his fifteen-year state court sentence resulted in an excessive term of imprisonment in light of the 18 U.S.C. § 3553(a) factors.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We review a district court's evidentiary decisions, as well as the revocation of supervised release, for an abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). The reasonableness review is deferential, and the party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence may be procedurally unreasonable if the sentencing court fails to calculate the advisory guideline range accurately, treats the sentencing guidelines

2

as mandatory, bases the sentence on clearly erroneous facts, fails to consider the sentencing factors, or fails to explain the chosen sentence adequately.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  When revoking a defendant's term of supervised release, 18 U.S.C. § 3583(e) instructs courts to consider certain § 3553(a) sentencing factors to determine an appropriate sentence.  See 18 U.S.C. § 3583(e).  Specifically, courts are directed to consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed to "promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant"; (3) the applicable guidelines or policy statements issued by the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  The district court need not discuss or explicitly state each factor on the record; an acknowledgment by the court that it has considered the defendant's arguments and the § 3553(a) factors will suffice.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Once we have determined that the sentence is procedurally reasonable, we will consider the substantive reasonableness of the sentence.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  The analysis includes "examining the totality of the

3

circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." Gonzalez, 550 F.3d at 1324. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted). A sentence is substantively unreasonable if, under the totality of the circumstances, it fails to achieve the purpose of sentencing. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

We have previously held that reliable hearsay may be admitted at sentencing. United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001). Although "it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used at sentencing, the absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000).

To establish that the consideration of hearsay was harmful error, Jean "must show (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991) (quotation omitted).

4

Jean argues that the district court erred by considering hearsay arrest reports. This argument fails for several reasons. First, he admitted the facts of the supervised-release violations to the district court. During the sentencing hearing, Jean freely conceded the four violations stemming from the 2009 armed robbery of a restaurant. Jean also had not challenged the presentence investigation report's description of the 2007 violation, which stemmed from the armed robbery of a vehicle. See United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009) ("For purposes of sentencing, the district court also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented."). Second, Jean has not shown that the district court "explicitly relied upon" the arrest reports in formulating the sentence. Taylor, 931 F.2d at 847 (emphasis in original). And third, Jean has not provided any evidence to show that these reports are "materially false or unreliable." Id. Accordingly, there was no error by the district court.

Jean acknowledges that the court calculated the advisory guideline correctly. The court treated the guidelines as discretionary and exercised its discretion when sentencing Jean, as it discussed several enhancing factors and explained why it had not sentenced him at the high-end of the guidelines range. See Gonzalez, 550 F.3d at 1324 (stating that the court need not explicitly discuss

5

or state each § 3553(a) factor). We conclude that Jean's sentence was procedurally reasonable.

With respect to substantive reasonableness, the district court did not err by imposing a fifteen-month sentence. First, this Court has previously rejected Jean's argument that imposing a consecutive sentence constitutes additional punishment. See United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998); see also 18 U.S.C. § 3584(a). The district court carefully considered the parties' arguments and concluded that there should be actual ramifications for Jean's actions, given the seriousness of the violations and proximity of the 2009 robbery to the start of his supervised release. In exercising its discretion, the court also determined that a high-end guidelines sentence was not appropriate given that Jean did accept responsibility. Contrary to Jean's assertion, the district court expressly addressed his age argument. The court properly considered the § 3553(a) factors. It did not abuse its discretion by running his sentence consecutively to his state court sentence, and, accordingly, we affirm Jean's sentence as substantively reasonable. See Gonzalez, 550 F.3d at 1324.

AFFIRMED.[1]

---

[1] Jean's request for oral argument is DENIED.