[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14816
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00075-PGB-DAB-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CARLOS SAGARNAGA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Luis Carlos Sagarnaga appeals his 120-month sentence of imprisonment, imposed after pleading guilty to one count of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and one count of conspiracy to distribute and possess with intent to distribute methamphetamine under 21 U.S.C. § 846. Sagarnaga argues the district court violated his right to procedural due process in denying safety-valve relief under 18 U.S.C. § 3553(f)(5) because the denial was based on (1) a deficient translation by the interpreter at his interview and (2) the hearsay testimony of his co-defendant. Upon review,[1] we affirm.

The district court did not err in relying on the interpreter's translation of Sagarnaga's interview. A defendant's Fifth Amendment right to procedural due process is protected at a sentencing hearing by giving a defendant "adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty." *United States v. Jules*, 595 F.3d 1239, 1243 (11th Cir. 2010) (quotation omitted). Sagarnaga had adequate notice and an opportunity to contest the translation. He knew about the alleged translation deficiencies at the time they arose, and at the sentencing hearing he had an opportunity to cross-examine, make arguments, and present evidence regarding those deficiencies. The district court also did not err in

---

[1] When reviewing a safety-valve decision, we review the district court's factual determinations for clear error and its legal interpretations de novo. *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006). We review for plain error those issues for which timely objections were not made in the district court. *United States v. Olano*, 507 U.S. 725, 731 (1993); *see also* Fed. R. Crim. P. 52(b).

relying on the hearsay testimony of the co-defendant.  A district court may consider reliable hearsay testimony at sentencing, and Sagarnaga had advance notice from the district court that the Government could call the case agent and use the co-defendant's testimony to rebut Sagarnaga's safety-valve statement.  *See United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) ("[R]eliable hearsay can be considered during sentencing.").

For the foregoing reasons, we affirm Sagarnaga's sentence.

**AFFIRMED.**