[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13392
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-02309-SDM-TBM

FEDERAL TRADE COMMISSION,

Plaintiff - Appellee,

versus

WASHINGTON DATA RESOURCES, INC.,
a Florida corporation, et al.,

Defendants,


RICHARD A. BISHOP,
Individually and as a member of
Optimum Business Solutions, LLC,
BRENT MCDANIEL,
individually and as an officer of
Washington Data Resources,
TYNA CALDWELL,
individually, et al.,


Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Appellants and codefendants Richard Bishop, Brent McDaniel, and Tyna Caldwell appeal the district court's order awarding damages to Plaintiff-Appellee Federal Trade Commission (FTC) for engaging in deceptive marketing practices, in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule (TSR), 16 C.F.R. §§ 310.1–.9. Specifically, Appellants argue that the district court abused its discretion when it calculated damages based on the net revenue, rather than the profits, Appellants received during the time they controlled the offending enterprise. For the reasons that follow, we affirm.

I.

The facts leading up to this appeal are detailed in full in the district court's April 23, 2012 order. *FTC v. Wash. Data Res.*, 856 F. Supp. 2d 1247 (M.D. Fla. 2012). We recount only those facts pertinent to this appeal.

Appellants were each involved in the same mortgage loan modification enterprise (the Enterprise), which solicited financially distressed homeowners and offered the possibility of relief through either a loan modification or bankruptcy.

2

The Enterprise caught the eye of the FTC and in 2009, the FTC filed a complaint against Appellants, three other individual defendants, and three corporate defendants. The complaint alleged that Appellants violated section 5(a) of the FTC Act and the TSR, §§ 310.1–.9, by engaging in deceptive activities relating to their sale and marketing of mortgage relief and home foreclosure services. Following a bench trial in April 2011, Appellants were found liable for violating both section 5(a) and the TSR. In an order dated April 23, 2012, the district court found Bishop and McDaniel jointly and severally liable for $1,974,270, and Caldwell liable for $644,704. The only issue before us today is whether the district court abused its discretion when it ordered Appellants to pay damages equal to the net revenues they received during the period they controlled the Enterprise.

## II.

We review a district court's order granting equitable monetary relief for abuse of discretion. *Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt.*, 531 F.3d 1339, 1343 (11th Cir. 2008). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir. 1990). "We review a district court's factual findings for clear error, and its application of law to facts *de novo*." *Wilshire Inv. Mgmt.*, 531 F.3d at 1343.

3

III.

Appellants first argue that the district court improperly awarded damages based on consumer losses. Appellants are correct that here, a damages award based on consumer losses would be improper. "The equitable remedy of restitution does not take into consideration the plaintiff's losses, but only focuses on the defendant's unjust enrichment." *Id.* at 1345. But the district court did not award damages based on consumer loss. The district court awarded damages based on Appellants' unjust gains.

Because each Appellant was liable for a violation of section 5(a) and the TSR, the FTC was entitled to seek relief under both section 13(b), 15 U.S.C. § 53(b), and section 19(b), 15 U.S.C. § 57b, of the FTC Act. In the district court, the FTC conceded that the record lacked evidence to accurately determine consumer loss and chose not to establish consumer loss. The FTC sought only to disgorge Appellants' net revenue and thus proceeded to seek relief under section 13(b). Section 13(b) provides "an unqualified grant of statutory authority" to issue "the full range of equitable remedies," including disgorgement, which considers only the defendants' unjust gain and ignores consumer loss. *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 469 (11th Cir. 1996). Said another way, section 13(b) permits disgorgement measured by the Appellants' unjust enrichment but prohibits

4

disgorgement measured by consumer loss.  Here, the district court properly measured disgorgement by Appellants' unjust gains, not consumer loss.

Appellants further contend that here, "net revenue is tantamount to consumer loss" because the total net revenue and the total consumer loss is the same. [1]  This argument fails.  The district court expressly calculated Appellants' unjust gains as the measure of equitable relief.  *See Wash. Data Res.*, 856 F. Supp. 2d at 1281.  As the Second Circuit found in *FTC v. Verity Intern., Ltd.*, 443 F.3d 48, 68 (2nd Cir. 2006), "in many cases in which the FTC seeks restitution, the defendant's gain will be equal to the consumer's loss because the consumer buys goods or services directly from the defendant."  Thus, it is of no consequence that the measure of Appellants' unjust gains happens to equal the amount of consumer loss.  The district court ultimately—and properly— based its calculation of damages on Appellants' unjust gains.

## IV.

Lastly, Appellants aver that the district court erred when it considered the net revenue (gross receipts minus refunds) when it calculated damages.  They contend that the district court should have instead considered Appellants' profits

---

[1] The FTC claimed that $3,941,588 was both the Enterprise's net revenue and the consumers' injury. *Wash. Data Res.*, 856 F. Supp. 2d at 1281.  The FTC, however, conceded below that the record lacked evidence to accurately determine consumer loss, chose not to establish consumer loss, and stated that "consumer losses far exceed Defendants' net revenue. The FTC seeks only to disgorge that net revenue." *Id.*

(net revenue minus expenses) when it calculated damages.  Appellants are incorrect.

Other circuits have been presented with this issue and have found a damages award based on net revenue rather than profit proper under Section 13(b).  *See FTC v. Bronson Partners, LLC*, 654 F.3d 359, 375 (2d Cir. 2011) (holding that defendant was "not entitled to deduct its expenses from the restitutionary baseline"); *FTC v. Direct Mkg. Concepts Inc.*, 624 F.3d 1, 14–16 (1st Cir. 2010) (finding no error when district court "rest[ed] its damages determination on Defendants' gross receipts rather than their net profits"); *FTC v. Febre*, 128 F.3d 530, 536 (7th Cir. 1997) (upholding district court's acceptance of magistrate's finding the appropriate measure of restitution was consumers' net payments to defendants rather than defendants' profits.).

We agree with our sister circuits and today hold that the amount of net revenue (gross receipts minus refunds), rather than the amount of profit (net revenue minus expenses), is the correct measure of unjust gains under section 13(b).  We echo the Second Circuit's sentiment that "defendants in a disgorgement action are not entitled to deduct costs associated with committing their illegal acts."  *Bronson Partners, LLC*, 654 F.3d at 375.  Accordingly, the district court did not err when it considered Appellants' net revenues, instead of their profits, in its calculation for damages.

6

The district court's order is **AFFIRMED.**