[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10063
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-01599-HLM

FEDERAL TRADE COMMISSION,

Plaintiff - Appellee,

versus

WILLIAMS, SCOTT & ASSOCIATES, LLC,
a Georgia limited liability company, et al.,

Defendants,

CHRIS LENYSZYN,
individually and as managing member of WSA, LLC,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 10, 2017)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Chris Lenyszyn and his co-defendants operated a fraudulent debt collection scheme known as WSA. Lenyszyn and his fellow collectors posed as law enforcement officials, sought payment for debts that consumers did not owe or that WSA had no authority to collect, and falsely threatened to prosecute consumers or revoke their driver's licenses unless they paid. The Federal Trade Commission (FTC) included Lenyszyn as a defendant in an action alleging WSA's practices violated the FTC Act and the Fair Debt Collection Practices Act (FDCPA). The district court entered summary judgment against Lenyszyn, holding him jointly and severally liable for money that WSA unlawfully took from consumers while he was a managing member of the company.

Lenyszyn appeals, alleging the district court erred in granting summary judgment because it refused to consider his evidence in opposition to the FTC's summary judgment motion, and there was a genuine issue of material fact remaining regarding his ability to control WSA, LLC. He also contends the district court ordered an excessive and incorrectly calculated amount of disgorgement. After review, we affirm the district court's grant of summary judgment and the disgorgement award.

2

## I.  ADMISIBILITY OF EVIDENCE

Lenyszyn first contends the district court improperly declined to consider his documentary evidence.  The Court "review[s] a district court's evidentiary rulings at the summary judgment stage only for abuse of discretion."  *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 910 (11th Cir. 2012).

The district court did not abuse its discretion because Lenyszyn's proffered evidence was not admissible.  By invoking his Fifth Amendment right not to testify at his deposition, Lenyszyn decided that "the advantages of silence—avoiding incrimination in a criminal investigation" outweighed "the potential advantages" of attempting to refute the FTC's evidence against him.  *See Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 927 (11th Cir. 1997).  Having made that choice, Lenyszyn could not then "convert the privilege from [a] shield . . . into a sword" by putting his version of the facts into written affidavits and avoiding cross-examination.  *See United States v. Rylander*, 460 U.S. 752, 758 (1983).

Although Lenyszyn does not appeal the district court's refusal to consider his principal affidavit, he argues the court should have considered a sworn complaint form he filed with the State of Nevada, in which he claimed he had never agreed to become a managing member of WSA.  However, Lenyszyn pleaded the Fifth when asked whether he was a managing member of WSA in his deposition.  Because the Nevada complaint asserts the same fact Lenyszyn refused

3

to testify about at his deposition, the district court did not abuse its discretion in refusing to admit this evidence.[1]  *See id.*

Additionally, the district court did not abuse its discretion in refusing to consider John Williams' letters to the FTC and two other government agencies, and Williams' interrogatory responses, all of which claimed Lenyszyn was not a managing member of WSA.  These documents were unsworn and did not declare under penalty of perjury that the facts stated were true and correct.  *See* 28 U.S.C. § 1746.  Courts need not consider unsworn witness statements when deciding a motion for summary judgment.[2]  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 n.17 & n.19 (1970).

Lastly, the district court did not abuse its discretion in refusing to consider three unauthenticated documents that Lenyszyn claimed as business records. Lenyszyn did not submit affidavits from a qualified witness establishing the documents' authenticity, thus they do not qualify for the business records exception to the hearsay rule.  *See*  Fed. R. Evid. 803(6).  Further, "the possibility that unknown witnesses will emerge to provide testimony on this point is

---

[1]  To the extent Lenyszyn argues the district court should have considered the Nevada complaint because it was filed before he was arrested, he failed to make this argument before the district court.   Further, the evidence supports that Lenyszyn was aware of a potential criminal action when he filed the Nevada complaint.

[2]  While Lenyszyn argues that Williams' unsworn statements are admissible because they are "statements against interest," Fed. R. Evid. 804(b)(3), these statements do not qualify as statements against Williams' interest.

insufficient to establish that these documents could be reduced to admissible evidence at trial." *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012).

## II.  PERSONAL LIABILITY

Lenyszyn contends a genuine issue of material fact exists regarding whether he could control the activities of WSA.  He asserts that he only received a minimal amount of money and only as a temporary employee of WSA, and could not, as a matter of law, have controlled or managed WSA.

The evidence presented by the FTC was sufficient for summary judgment. *See* Fed. R. Civ. P. 56(a) (providing summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").  An individual is liable for a corporation's violations of the FTC Act when he "participated directly in the deceptive practices or acts or had authority to control them."  *FTC v. IAB Mktg. Assocs., LP*, 746 F.3d 1228, 1233 (11th Cir. 2014) (quotations and alteration omitted) .

The evidence supports that Lenyszyn was a managing member of WSA who held himself out as an officer or owner on several key documents.  Beginning on September 9, 2013, Lenyszyn was listed as a managing member of WSA in filings with the Nevada Secretary of State.  In December 2013, Lenyszyn submitted an

application for skip tracing services indicating he was an owner of WSA. He similarly held himself out as WSA's sole owner or sole managing member in merchant account applications. Also, for at least some period of time, Lenyszyn himself directly participated in the collectors' conduct by acting as a collector himself and making collection calls using the name "Investigator Dan Miller."

Lenyszyn also had knowledge. He had actual knowledge of FDCPA violations from his own debt collection activity. Lenyszyn communicated with a third-party company about finding a new payment processor bank and knew that his debt collection business was viewed as "high risk." Lenyszyn was listed as a managing member of WSA since September 9, 2013, and at least two states issued Cease and Desist Orders against WSA in early 2014. Under these circumstances, the undisputed evidence supports that Lenyszyn knew or should have known about WSA's illegal activities.

The district court did not err in granting summary judgment in favor of the FTC and finding Lenyszyn liable for the actions of WSA.

## III.  DISGORGEMENT

Lenyszyn asserts the district court abused its discretion in ordering an incorrectly calculated amount of disgorgement. *See Commodity Futures Trading Comm'n  v. Sidoti*, 178 F.3d 1132, 1137-38 (11th Cir. 1999) (reviewing a district court's disgorgement order for abuse of discretion). Lenyszyn contends he should

6

not be jointly and severally liable for the amount of WSA's net revenue during his involvement; rather, he should be responsible only for the amount he personally received from WSA.

The district court did not abuse its discretion in holding Lenyszyn jointly and severally liable for the amount of net revenue during Lenyszyn's involvement. "[T]he amount of net revenue (gross receipts minus refunds), rather than the amount of profit (net revenue minus expenses), is the correct measure of unjust gains under section 13(b)." *FTC v. Wash. Data Res., Inc.*, 704 F.3d 1323, 1327 (11th Cir. 2013). Further, the disgorgement amount must be limited to the time frame for which the party seeking disgorgement presented evidence of the defendant's bad acts. *See Sidoti*, 178 F.3d at 1137-38. The FTC presented evidence of WSA's total net deposits during the period of Lenyszyn's involvement. The district court did not abuse its discretion in ordering disgorgement based on joint and several liability in the amount of $565,816.71. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016) (affirming the order of joint and several liability in § 13(b) case).

**AFFIRMED.**